UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BRANDON RAMSEY,<br><br>        Plaintiff,<br><br>vs.<br><br>C/O A. DICKERSON, et al.,<br><br>        Defendants. | **1:19-cv-00666-DAD-GSA-PC**<br><br>**ORDER FOR PLAINTIFF TO EITHER:**<br><br>    **(1) FILE SECOND AMENDED COMPLAINT, OR**<br><br>    **(2) NOTIFY THE COURT THAT HE IS WILLING TO PROCEED ONLY WITH THE EXCESSIVE FORCE CLAIM AGAINST DEFENDANTS DICKERSON, JIMENEZ, BORLINA, AND SANTIAGO FOUND COGNIZABLE BY THE COURT, DISMISSING ALL OTHER CLAIMS**<br><br>**THIRTY-DAY DEADLINE TO FILE SECOND AMENDED COMPLAINT OR NOTIFY COURT** |

## I. BACKGROUND

David Brandon Ramsey ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On May 10, 2019, Plaintiff filed the Complaint commencing this action at the Sacramento Division of the U.S. District Court for the Eastern District of California. (ECF No. 1.) On May 16, 2019, the case was transferred to this court. (ECF No. 5.)

On July 30, 2020, the court dismissed the Complaint for failure to include a request for relief in the Complaint in violation of Rule 8(a)(3) of the Federal Rules of Civil Procedure, with leave to amend. (ECF No. 12.) On October 5, 2020, Plaintiff filed the First Amended Complaint, which is now before the court for screening. 28 U.S.C. § 1915A. (ECF No. 15.)

## II.    SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## III.    SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff is presently incarcerated at Mule Creek State Prison in Ione, California. The events at issue in the First Amended Complaint allegedly took place at North Kern State Prison

(NKSP) in Delano, California, when Plaintiff was incarcerated there in the custody of the California Department of Corrections and Rehabilitation. Plaintiff names as defendants Sergeant A. Jimenez, Correctional Officer (C/O) A. Dickerson, C/O S. Borlina, C/O J. Santiago, and John Does #1 and #2 (CDCR peace officer staff) (collectively, "Defendants").

A summary of Plaintiff's allegations follows:

On May 21, 2017, Plaintiff was seeking medical attention at NKSP TTA Clinic for a seizure he suffered in the dayroom. When Plaintiff regained consciousness he asked where he was and Dr. Flores [not a defendant] introduced herself. The doctor told Plaintiff she was going to examine him. Because of prior abuse as a child Plaintiff took offense and instructed those in the area to move away from him. When the doctor asked Plaintiff questions, he did not reply. Defendant Sgt. Jimenez came into the room and said, "You're not going to answer her questions?" (ACP, ECF No. 15 at 10 ¶22.) Defendant Jimenez grabbed Plaintiff's right hand, which had a handcuff on it, and twisted his hand and fingers backwards in an unexpected and highly painful fashion.

Fearing for his life, Plaintiff brought both of his hands to his chest and curled into a ball to protect himself. Defendant Jimenez was angry and gruff. Defendants C/O Dickerson, C/O Borlina, and C/O Santiago joined defendant Jimenez and flipped Plaintiff over forcefully onto his stomach. When defendant Jimenez grabbed Plaintiff's wrist and put him in a pain hold, Jimenez broke Plaintiff's pinkie finger. Defendant Jimenez used his very substantial body weight and elbow to pin the slight Plaintiff down while Plaintiff was already prone on the medical gurney. Continuing to twist Plaintiff's wrist and fingers backwards, defendants Dickerson, Borlina, and Santiago attempted to handcuff Plaintiff. Still dazed from the seizure Plaintiff was not aware of what was happening. Everything he did was to protect himself.

Plaintiff began convulsing again. Defendants put him on the ground and defendant Jimenez took the back of Plaintiff's head and slammed it on the ground. Then defendants Dickerson, Borlina, and Santiago dove onto Plaintiff's back, kneeing his spinal column in an effort to inflict massive pain. Defendant Jimenez told Plaintiff, "We're not f**king playing your games!" (ACP, ECF No. 15 at 11 ¶34.) Defendants picked Plaintiff up and carried him toward

a crisis holding cell.  Plaintiff told them he could walk and placed one foot on the ground.  Defendant Jimenez slammed Plaintiff into the back wall of the crisis cell injuring Plaintiff's forehead.  Jimenez told Plaintiff, "You better not turn around! And face the wall!"  (ACP, ECF No. 15 at 12 ¶38.)  These instructions were unnecessary because Plaintiff was unable to turn around due to Jimenez's excessive body weight crushing him.  Defendants slammed the cell door shut and left.

During these events Defendants placed handcuffs on Plaintiff and tightened and locked them so that later the cuffs were not easily removed.  The handcuffs were embedded horrifically into his skin causing great pain and injury.  A Captain, a Lieutenant, a Sergeant and the Defendants were each unsuccessful in multiple attempts to remove the embedded handcuffs from Plaintiff's wrists.  The TTA medical staff ordered Defendants to transport Plaintiff to an outside hospital to have medical staff medically remove the handcuffs.  Defendants refused to do so.  Finally, the Captain was able to remove the cuffs leaving Plaintiff fearful and injured.  Plaintiff still bears the physical marks and scars from the handcuffs and leg shackles placed on Plaintiff by Defendants.  Plaintiff's wrists and ankles were black and blue with painful sores.  Several times Plaintiff requested pain medication and treatment, but each time it was denied.  There was no penological reason to treat Plaintiff that way.

Defendant Dickerson put Plaintiff in a three-finger chokehold which caused Plaintiff pain, bruises, abrasions to his neck area, and inability to breathe.  Dickerson also aggressively grabbed at Plaintiff's overly-tightened handcuffs which caused swelling to his wrist and bruising.  Dickerson also body slammed Plaintiff (along with the other three defendants), causing Plaintiff irreversible hearing loss in both ears, bruises, swelling, and an irreversible and painful right ear drum puncture.  Plaintiff also suffered marks and scars to his leg/ankle area, wrist areas, swollen crooked jaw, and black eye.  Plaintiff also suffered mental, emotional, and psychological injuries.

Plaintiff requests monetary damages, including punitive damages, attorney's fees, and costs of suit.

///

///

4

### IV. PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him or her of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp.,

637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

### A. Excessive Force -- Eighth Amendment Claim

"The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Hudson v. McMillian, 503 U.S. 1, 8 (1992) (internal quotation marks and citations omitted). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines *de minimis* uses of force, not *de minimis* injuries)). "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7. "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id. (internal quotation marks and citations omitted). "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id.

The court finds that Plaintiff states cognizable claims in the First Amended Complaint against defendants Dickerson, Jimenez, Borlina, and Santiago for use of excessive force.

### B. Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a 1983 claim. Rizzo v. Dawson, 778 F.2d 5527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action

did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

Although Plaintiff claims that he was retaliated against, he has failed to demonstrate a causal nexus between the alleged retaliation and any constitutionally protected activity showing that the retaliatory act was done *because* of the protected activity. Accordingly, Plaintiff fails to state a cognizable retaliation claim.

### C. Americans with Disabilities Act (ADA) Claim

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Title II authorizes suits by private citizens for money damages against public entities, United States v. Georgia, 546 U.S. 151, 153 (2006), and state prisons "fall squarely within the statutory definition of 'public entity,'" Pennsylvania Dept. of Corrs. v. Yeskey, 524 U.S. 206, 210 (1998).

In order to state a claim that a public program or service violated Title II of the ADA, a plaintiff must show: (1) he is a "qualified individual with a disability;" (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability. McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004); see also Lee v. City of Los Angeles, 250 F.3d 668, 691 (9th Cir. 2001) ("If a public entity denies an otherwise 'qualified individual' 'meaningful access' to its 'services, programs, or activities' 'solely by reason of' his or her disability, that individual may have an ADA claim against the public entity."). The ADA, as amended in 2008, defines a disability, with respect to an individual, as "a physical or mental impairment that substantially limits one or more major life activities of such an individual." Id. (quoting 42 U.S.C. § 12102(1)(A)).

///

Plaintiff claims that Defendants violated the ADA by discriminating "against the mentally ill/impaired." (ECF No. 15 at 7 ¶4.) However, Plaintiff fails to allege facts showing that he was excluded from participation in or denied the benefits of the prison's services, programs or activities, or was otherwise discriminated against by the prison, or that such exclusion, denial of benefits, or discrimination was by reason of Plaintiff's disability. Therefore, Plaintiff fails to state a claim for violation of the ADA.

### D. Eighth Amendment Medical Claim

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (*en banc*) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S.

825, 837 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment." Id. at 1060. "[E]ven gross negligence is insufficient to establish a constitutional violation." Id. (citing Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)).

"A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, a plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted).

Plaintiff alleges that he requested pain medication and treatment for his injuries several times but his requests were denied. He also alleges that Defendants applied his handcuffs too tight and that TTA staff asked Defendants to take Plaintiff to an outside hospital to have his handcuffs removed, but Defendants refused. However, Plaintiff has not named the defendant or defendants who denied his requests for treatment, or denied TTA staff's request for Plaintiff to be taken to an outside hospital. Plaintiff refers to "Defendants" throughout the Complaint and alleges that "Defendants" collectively delayed or denied Plaintiff's medical care and pain medications. Plaintiff cannot state a claim against a Defendant(s) unless he demonstrates in his allegations that each individual Defendant, identified by name, personally acted or failed to act, violating Plaintiff's rights. Plaintiff may not attribute liability to a group of defendants but must "set forth specific facts as to each individual defendant's" deprivation of his rights. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Therefore, Plaintiff fails to state a medical claim. Plaintiff shall be granted leave to amend this claim to correct the deficiencies in this claim found by the court.

///

///

### E. **Doe Defendants**

Plaintiff has not alleged any conduct by the Doe Defendants that violated Plaintiff's rights under the United States Constitution or any other federal law. Therefore, Plaintiff fails to state a claim against either of the Doe Defendants.

Moreover, Plaintiff is advised that unidentified, or "John Doe" defendants must be named or otherwise identified before service can go forward. "As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). John Doe or Jane Doe defendants cannot be served until Plaintiff has identified them as actual individuals and amended his complaint to substitute names for John Doe or Jane Doe. For service to be successful, the Marshal must be able to identify and locate defendants.

### F. **State Law Claims**

"California's Government Claims Act requires that a tort claim against a [state] public entity or its employees for money or damages be presented to the [Department of General Services]¹ no more than six months after the cause of action accrues." Lopez v. Cate, No. 1:10-cv-01773-AWI, 2015 WL 1293450, at *13 (E.D. Cal. 2015) (citing Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2). "Timely claim presentation is not merely a procedural requirement, but is . . . a condition precedent to plaintiff's maintaining an action against defendant and thus an element of the plaintiff's cause of action." Id. (internal quotation marks and citations omitted). The "obligation to comply with the Government Claims Act" is independent of the obligation to exhaust administrative remedies pursuant to the Prison Litigation Reform Act. McCoy v. Torres, No. 119CV01023NONEJLTPC, 2020 WL 5257842, at *2 (E.D. Cal. Sept. 3, 2020), report and recommendation adopted, No. 119CV01023NONEJLTPC, 2021 WL 111748 (E.D. Cal. Jan. 12, 2021) (citing McPherson v. Alamo, No. 3:15-cv-03145-EMC, 2016

---

¹ The Department of General Services was formerly the Victim Compensation and Government Claims Board. McCoy v. Torres, No. 119CV01023NONEJLTPC, 2020 WL 5257842, at *2 (E.D. Cal. Sept. 3, 2020), report and recommendation adopted, No. 119CV01023NONEJLTPC, 2021 WL 111748 (E.D. Cal. Jan. 12, 2021).

WL 7157634, at *6 (N.D. Cal. 2016) (citing Parthemore v. Col, 221 Cal. App. 4th 1372, 1376 (2013)).

Plaintiff states that he filed a claim with the state agency known as the Office of Risk and Insurance Management, Department of General Services in West Sacramento, California, claim number 18000409, and the claim was denied. This statement by itself is a mere legal conclusion and is insufficient to show compliance. See Cardenas v. Cty. of Tehama, No. 218CV03021TLNDMC, 2020 WL 4475188, at *10 (E.D. Cal. Aug. 4, 2020). Plaintiff has not provided the claim as an attachment to the First Amended Complaint, nor has he indicated when he filed the claim or what specific facts and causes of action were referred to in the claim. See id. Without such information Plaintiff has not sufficiently pleaded facts demonstrating he complied with the California Government Claims Act in bringing his state law claim. Id.

Therefore, Plaintiff's state law claims fail. If Plaintiff chooses to file a Second Amended Complaint he should attach a copy of the claim he submitted to the Department of General Services and the rejection letter he received back, or otherwise provide more information demonstrating that he met the requirements of the Government Claims Act.

### G.   Relief Requested

In addition to money damages, Plaintiff seeks attorney's fees and costs of suit. "In any action or proceeding to enforce a provision of section[] 1983. . . , the court, in its discretion, may allow the prevailing party. . . reasonable attorney's fees. . . ." 42 U.S.C. § 1988(b). However, Plaintiff's contention that he is entitled to attorney's fees if he prevails is without merit. Plaintiff is representing himself in this action. Because Plaintiff is not represented by an attorney, he is not entitled to recover attorney's fees if he prevails. See Friedman v. Arizona, 912 F.2d 328, 333 n.2 (9th Cir. 1990), superseded by statute as stated in Warsoldier v. Woodford, 418 F.3d 989 (9th Cir. 2005); Gonzalez v. Kangas, 814 F.2d 1411, 1412 (9th Cir. 1987); see also Rickley v. Cnty. of Los Angeles, 654 F.3d 950, 954 (9th Cir. 2011) ("The Court accordingly adopted a per se rule, categorically precluding an award of attorney's fees under § 1988 to a pro se attorney-plaintiff.") Therefore, Plaintiff is not entitled to attorney's fees if he prevails in this action.

## V.   CONCLUSION

The court finds that Plaintiff's First Amended Complaint states cognizable claims against defendants Sergeant A. Jimenez, C/O A. Dickerson, C/O S. Borlina, and C/O J. Santiago for use of excessive force, but no other claims against any of the Defendants. Plaintiff shall be required to <u>either</u> file a Second Amended Complaint <u>or</u> notify the court that he is willing to proceed only with the excessive force claim.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires." Plaintiff shall be required to <u>either</u> file an amended complaint <u>or</u> notify the court of his willingness to proceed only on the cognizable excessive force claims against defendants Jimenez, Dickerson, Borlina, and Santiago. Should Plaintiff choose to proceed only on the cognizable excessive force claims, the court shall initiate service upon defendants Jimenez, Dickerson, Borlina, and Santiago.

Plaintiff is granted leave to file an amended complaint within thirty days. <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff chooses to amend the complaint, the amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, <u>Iqbal</u>, 556 U.S. at 678; <u>Jones v. Williams</u>, 297 F.3d. 930, 934 (9th Cir. 2002.). Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" <u>Iqbal</u> at 678 (quoting <u>Twombly</u>, 550 U.S. at 555). There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. <u>Iqbal</u>, 556 U.S. at 677. Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. <u>Jones</u>, 297 F.3d at 934 (emphasis added). Plaintiff should note that although he has been given the opportunity to amend it is not for the purpose of adding new defendants for unrelated issues. Plaintiff should also note that he has not been granted leave to add allegations of events occurring after the initiation of this suit on May 10, 2019.

Plaintiff is advised that an amended complaint supercedes the original complaint, <u>Lacey v. Maricopa County</u>, 693 F.3d 896, 907 n.1 (9th Cir. 2012), and it must be complete in itself without reference to the prior or superceded pleading. Local Rule 220. Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore,

12

in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Therefore, **IT IS HEREBY ORDERED** that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within thirty days from the date of service of this order, Plaintiff is required to either:
   (1) file a Second Amended Complaint curing the deficiencies in his claims found by the court, or
   (2) notify the court that he is willing to proceed in this case only with his excessive force claim against defendants Sergeant A. Jimenez, C/O A. Dickerson, C/O S. Borlina, and C/O J. Santiago found cognizable by the court, dismissing all other claims;
3. If Plaintiff chooses to amend the complaint, he shall caption the amended complaint "Second Amended Complaint" and refer to the case number 1:19-cv-00666-DAD-GSA-PC; and
4. Plaintiff's failure to comply with this order may result in a recommendation that this case be dismissed in its entirety.

IT IS SO ORDERED.

Dated:   **February 9, 2021**                     **/s/ Gary S. Austin**
                                                  UNITED STATES MAGISTRATE JUDGE