UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BRANDON RAMSEY,<br><br>  Plaintiff,<br><br>  vs.<br><br>C/O A. DICKERSON, et al.,<br><br>  Defendants. | 1:19-cv-00666-DAD-GSA-PC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO MODIFY SCHEDULING ORDER RE EXHAUSTION MOTION (ECF No. 34.)**<br><br>**ORDER EXTENDING DEADLINE FOR FILING OF EXHAUSTION MOTIONS**<br><br>**New Deadline for Filing Exhaustion Motions:**<br><br>**February 26, 2022** |

**I.   BACKGROUND**

David Brandon Ramsey ("Plaintiff") is a prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  This case now proceeds with Plaintiff's claims against defendants Sergeant A. Jimenez, C/O A. Dickerson, C/O S. Borlina, and C/O J. Santiago for use of excessive force and denial of medical care in violation of the Eighth Amendment.[1]

**II.   MOTION TO MODIFY SCHEDULING ORDER**

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  To establish good cause, the party seeking the

---

[1] On June 24, 2021, the court dismissed all other claims and defendants from this case, based on Plaintiff's failure to state a claim.  (ECF No. 23.)

modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order. Id. The Court may also consider the prejudice to the party opposing the modification. Id. If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the Court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).

Defendants request a thirty-day extension of the deadline for filing exhaustion motions up to and including February 26, 2022. The current deadline established by the court's Discovery and Scheduling Order, which was issued on October 27, 2021, is January 27, 2022. (ECF No. 32.) Defendants argue that they require an extension of the deadline because they have made multiple requests but have not received the relevant inmate appeal needed to prepare their exhaustion motion

The court finds good cause to extend the deadline in the court's scheduling order for filing exhaustion motions.

### III.  CONCLUSION

Based on the foregoing, and good cause appearing, **IT IS HEREBY ORDERED** that:

1. Defendants' motion to modify the court's scheduling order, filed on January 14, 2022, is granted;
2. The deadline for filing exhaustion motions is extended from January 27, 2022 to **February 26, 2022**; and
3. All other provisions of the court's October 27, 2021, discovery and scheduling order remain the same.

IT IS SO ORDERED.

Dated:  **January 18, 2022**               **/s/ Gary S. Austin**
                                                        UNITED STATES MAGISTRATE JUDGE