UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BRANDON RAMSEY,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>C/O A. DICKERSON, et al.,<br><br>　　　　　Defendants. | **1:19-cv-00666-ADA-GSA-PC**<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>**(ECF No. 64.)** |

## I. BACKGROUND

David Brandon Ramsey ("Plaintiff") is a civil detainee and former state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds with Plaintiff's First Amended Complaint filed on October 5, 2020, against defendants Borlina, Dickerson, Jimenez, and Santiago ("Defendants") for use of excessive force in violation of the Eighth Amendment. (ECF No. 15.)

On June 6, 2023, the Court granted Defendants' motion for extension of time to file a reply to Plaintiff's opposition to Defendants' motion for summary judgment. (ECF No. 63.) On June 12, 2023, Plaintiff filed an opposition to Defendants' motion for extension of time, which the court construes as a motion for reconsideration of the Court's June 6, 2023 order. (ECF No. 64.)

## II. MOTION FOR RECONSIDERATION

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

Here, Plaintiff objects to the court's decision to grant Defendants an extension of time to file a reply. "When an act may or must be done within a specified time, the court may, for good cause, extend the time." Fed. R. Civ. P. 6(b)(1). Good cause requires less than manifest injustice

but a focus on the diligence of the moving party and that party's reasons for seeking modification are the court's focus in determining whether to permit an enlargement of time. <u>Stoddart v. Express Services,</u> 2017 WL 3333994 *1-*2 (E.D. Ca. August 4, 2017) (other citations omitted). The District court possesses broad discretion to manage its own docket, which includes inherent power to control disposition of causes on its docket with economy of time and effort for itself, for counsel, and for litigants."   <u>Landis v. N. Am. Co.</u>, 299 U.S. 248, 254–55, 57 S.Ct. 163, 81 L.Ed. 153 (1936).

Plaintiff argues that Defendants misrepresented to him the reasons that an extension of time was needed, and he disagrees with Defendants' assertions that he (Plaintiff) filed his opposition to the motion for summary judgment late and added new claims in his opposition.

Plaintiff has not shown that the Court committed clear error in its order and accordingly, Plaintiff's motion for reconsideration shall be denied.

**III.    CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration, filed on June 12, 2023, is DENIED.

IT IS SO ORDERED.

Dated:  **June 16, 2023**              **/s/ Gary S. Austin**
                                                         UNITED STATES MAGISTRATE JUDGE